UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60569-CV-MARTINEZ
CASE NO. 19-60083-CR-MARTINEZ
MAGISTRATE JUDGE REID

JAMESON JEAN,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE MOTION TO VACATE - 28 U.S.C. § 2255

### I. Introduction

Movant, **Jameson Jean,** filed this *pro se* motion to vacate, pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his convictions and sentences for three counts of distribution of a controlled substance, entered following a guilty plea in **Case No. 19-60083-CR-Martinez.** For the reasons which will be explained in detail below, this § 2255 motion should be DENIED because Movant is not entitled to habeas corpus relief.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

For its consideration of this federal petition [ECF No. 1], the court has considered relevant pleadings filed in the underlying criminal case, and takes judicial notice of its own records. *See* Fed. R. Evid. 201; *Nguyen v. United States,* 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009)(citing *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999)).

Because summary dismissal is warranted, Respondent has not been ordered to file a response, but may do so if it so chooses. *See* Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (allowing for summary dismissal of a § 2255 motion if "it plainly appears from the face of the motion and any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to relief."); *Paez v. Sec'y, Fla. Dep't of Corr.,* 947 F.3d 649, 651 (11th Cir. 2020)(holding that untimely petitions are subject to dismissal at screening stage under Rule 4 if the court provides petitioner with notice and an opportunity to be heard); *Broadwater v. United States,* 292 F.3d 1302, 1303-04 (11th Cir. 2002)(finding a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there

is a sufficient basis in the record for an appellate court to review the district court's

decision).

## II. <u>Claims</u>

Construing the § 2255 motion liberally as afforded *pro se* litigants pursuant to

*Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), Movant raises the following four

grounds for relief:

1. His attorney was ineffective for not properly advising Movant regarding the consequences arising from entry of a guilty plea. [CV ECF No. 1 at 4].[1]

2. His attorney failed to object to the relevant conduct enhancements set forth in the Presentence Investigation Report ("PSI"). [CV ECF No. 1 at 5].

3. His attorney failed to adequately consult with Movant about his right to prosecute a direct appeal. [CV ECF No. 1 at 6].

4. His attorney failed to ensure the substantial assistance reduction was "completed." [CV ECF No. 1 at 9].

---

[1]Unless otherwise noted, the exact page location where the claims and arguments were raised in the Movant's § 2255 motion is that which his imprinted by the court's electronic docketing system, which can be found at the top, right-hand corner of the filing. The notation in this Report "CV ECF No." refers to the filings in this civil § 2255 case, while the notation "CR ECF NO." refer to the filings in the underlying criminal case under attack here.

### III. Procedural Background

### A. Indictment Through Change of Plea Proceedings

1. Indictment & Plea Agreement

Movant was charged with and pleaded guilty to conspiracy to three counts of distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 1-3). [CR ECF Nos. 24, 31, 42, 46]. Relevant to the claims before this court, the plea agreement contained cooperation language and a limited direct appeal waiver. [CR ECF No. 31 at 3-6 at ¶¶ 7-11, 12-13]. Movant understood that he faced a minimum of twenty years and up to a lifetime term of imprisonment as to Count 1, and a maximum term of up to twenty years of imprisonment as to Counts 2 and 3. [CR ECF NO. 31 at 2].

In the plea agreement, Movant acknowledged that the court was not bound by and could depart from the advisory guideline range determined under the U.S. Sentencing Guidelines, that the court could tailor the ultimate sentence imposed, by considering other factors, and could impose any sentence within and up to the statutory maximum authorized by law for the offense of conviction. [*Id.* at 1-2 at ¶ 2]. Movant further acknowledged and understood that any estimate or recommendations by defense counsel, the government, or the probation office, regarding the probable sentencing range or sentence he may receive, was not binding

on the court, and if the court chose not to accept a sentencing recommendation, Movant could not withdraw his plea. [*Id.* at 5 at ¶ 11].

2. Stipulated Factual Proffer

The movant also executed a stipulated factual proffer. [CR ECF No. 30]. According to the proffer, from on or September 22, 2018 to October 18, 2018, Movant discussed the selling and purchasing of fentanyl, a controlled substance. [*Id.* at 1]. Movant discussed the purchase of thirty capsules of fentanyl for $200.00 from his regular supplier. [*Id.*]. On September 24, he met with his supplier, purchasing only ten capsules. [*Id.*]. After Movant sold "A.M." four capsules, A.M. died from a fentanyl overdose. [*Id.*]. Testing conducted on the contents of the capsules confirmed they contained fentanyl, tramadol, and quinine. [*Id.*]. After recovering A.M.'s cellular phone, law enforcement arranged for additional transactions between Movant and an undercover officer ("UC"). [*Id.*].

On October 10, 2018, Movant met with the UC, selling the UC five capsules he had obtained in September for $100.00. [*Id.* at 1-2]. Laboratory analysis of these five capsules confirmed they too contained  fentanyl, tramadol, and quinine. [*Id.* at 2].

Later, Movant obtained additional capsules from his regular supplier. [*Id.*]. On October 18, 2018, he again met with the UC in Broward County where he sold

- 5 -

the UC twenty-four capsules for $440.00. [*Id.*]. These capsules were also tested and contained the same mixture of drugs as the others. [*Id.*].

3. Change of Plea Proceeding

The court conducted a thorough change of plea proceeding, at the conclusion of which Movant agreed to the facts set forth in the stipulated factual proffer, acknowledging having thoroughly reviewed its contents with counsel prior to signing it. [CR ECF No. 46, Ex. A at 11-13]. Relevant to the issues before the court, Movant also acknowledged reviewing and discussing the plea agreement in detail with counsel before signing it. [*Id.* at 12-15]. Specifically, the government recited each of the essential paragraphs of the plea agreement, including the minimum and maximum terms of imprisonment, the reduction for acceptance of responsibility, the agreement to cooperate with the government and its ramifications, the limited direct appeal waiver, and the fact that Movant would be unable to withdraw his plea as a result of the sentence imposed. [*Id.* at 12-13]. Movant affirmed that he understood the terms and conditions set forth in the plea agreement. [*Id.* at 13-14]. He confirmed discussing it with counsel and then signing the agreement, which included a waiver of his right to appeal. [*Id.* at 14]. He further acknowledged that his sentence could be different from any estimate provided by counsel or anyone else and, if the ultimate sentence imposed was harsher than expected, he understood he would be unable to withdraw his plea. [*Id.* at 15].

After ensuring Movant understood the collateral consequences of pleading guilty and the constitutional rights he was waiving as a result of the plea, the court found Movant's guilty plea freely and voluntarily entered. Movant was competent and capable of entering an informed plea and was aware of the nature and consequences of the plea. The court also found the plea was supported by an independent basis in fact. [*Id.* at 15-16]. The court accepted Movant's plea and adjudicated him guilty as charged in Counts 1 through 3 of the Superseding Information. [*Id.* at 16].

## B. Pre-Sentence Investigation through Appeal

1. Pre-Sentence Investigation Report

Prior to sentencing, a Pre-Sentence Investigation Report ("PSI") was prepared which, after grouping the three counts of conviction, violations of 21 U.S.C. § 841(a)(1), set  the base offense level at 38 because the offenses of conviction resulted in death or serious bodily injury from the use of the controlled substance. [PSI ¶¶ 25-26]. A four-level increase to the based offense level was given because Movant knowingly misrepresented or marketed as another substance a mixture containing fentanyl or fentanyl analogue. [PSI ¶ 27]. After a three-level reduction for acceptance of responsibility, the total adjusted offense level was set at a level 39. [PSI ¶¶ 33-35].

- 7 -

Next, it was determined Movant had a total of four criminal history points, resulting in a criminal history category III. [PSI ¶ 46]. Based on a total offense level 39 and a criminal history category III, the advisory guideline range was determined to be 324 to 405 months of imprisonment. [PSI ¶ 90]. Movant faced a statutory maximum of twenty years and up to a lifetime term of imprisonment as to Count 1, and a maximum of twenty years of imprisonment as to Counts 2 and 3. [PSI ¶ 89]. No formal objections to the PSI were filed by the parties.

2. Sentencing

Movant appeared for sentencing. [CR ECF No. 46, Ex. B]. At that time, it was acknowledged by the parties that no objections to the PSI had been filed. [*Id.* at 2-3]. After hearing from the victim's father and then the Movant, the government acknowledged Movant has been cooperating "from the inception" and anticipated filing a Rule 35 motion "down the road." [*Id.* at 6]. Defense counsel then provided the court with letters from Movant's employer, argued in mitigation of the sentence, asking for some leniency and mercy, and a downward variance, maintaining that Movant's criminal history was "over-represented." [*Id.* at 7-9]. Defense counsel concluded, requesting that Movant be sentenced to a total term of twenty years of imprisonment. [*Id.* at 8-9].

Thereafter, the court stated it had considered the statements of all parties, the PSI containing the advisory guidelines, and the 18 U.S.C. § 3553(a) statutory factors,

commenting that, while "this is a terrible, terrible situation," a sentence "imposed within the advisory guideline range" would provide "sufficient punishment and deterrence." [*Id.* at 10]. The court then sentenced Movant to a total term of 365 months of imprisonment, consisting of 365 months of imprisonment as to Count 1, followed by two concurrent terms of 240 months of imprisonment as to Counts 2 and 3, to be followed by a total of three years of supervised release. [*Id.*at 10-11]. The judgment was entered on **November 15, 2019.** [CR ECF No. 42].

No direct appeal was prosecuted. [CV ECF No. 1 at 1]. Therefore, movant's judgment became final on **Friday, November 29, 2019,** fourteen days after entry of the judgment, when time expired for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Adams v. United States,* 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

## C. <u>Motion to Vacate</u>

The movant returned to this court, filing this §2255 motion to vacate on **March 9, 2020.**[2] [CV ECF No. 1 at10]. Because the motion was filed less than one year after his conviction became final, it is timely, and a review on the merits follows.

---

[2]Under the prison mailbox rule, absent evidence to the contrary, like prison logs or other records, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See* Fed. R. App. P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."); *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).

## IV. Standard of Review

### A. Section 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255. The burden of proof is on Movant, not the government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States,* 871 F.3d 1215, 1221-1222 (11th Cir. 2017).

### B. Ineffective Assistance of Counsel Principles

Regarding claims challenging counsel's effectiveness, the law is well settled that a criminal defendant is entitled to the effective assistance of competent counsel before deciding whether to plead guilty. *Lee v. United States,* 137 S. Ct. 1958, 1964 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). However, if the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Strickland,* 466 U.S. at 697; *Brown v. United States,* 720 F.3d 1316 (11th Cir. 2013).

To show deficient performance, a movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008)(citations omitted). In the guilty plea context, to show prejudice, the movant must establish that, but for counsel's deficient performance, "there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart,* 474 U.S. 52, 59 (1984). Prejudice in the sentencing context requires a showing that the sentence would have been less severe. *Glover v. United States,* 531 U.S. 198, 203-04 (2001). A movant, however, is not prejudiced by counsel's failure to raise non-meritorious claims. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir.

2014). Courts may not vacate a conviction or sentence solely because the outcome would have been different, but for counsel's error, as it may grant the defendant a windfall to which the law does not entitle him. *Lockhart v. Fretwell,* 506 U.S. 364, 369-70, (1993); *Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 754 (11th Cir. 2010).

## V. Discussion

### A. Failure to Inform Re Consequences of Plea

In **claim 1,** Movant claims counsel failed to advise him regarding the consequences arising from the entry of a guilty plea. [CV ECF No. 1 at 4-5, 9]. Movant explains that early in the case counsel advised him that he would be "better off" negotiating a plea and cooperating with the government so that he could benefit from a reduction in sentence based on cooperation. [*Id.* at 4]. According to the Movant, his "side of the story needed to be told and explained, in full, to the prosecution." [*Id.*]. Movant alleges here he felt he "had no choice" but to sign the plea agreement, claiming the details of its contents "were not reviewed, discussed, or explained" to him. [*Id.* at 5]. He further claims he had "no idea of the magnitude of sentence" he faced pursuant to the terms of the agreement. [*Id.*]. Movant signed this § 2255 motion under penalty of perjury. [ECF No. 1 at 10].

His arguments here directly contradict his own statements made at the change of plea hearing. At his change of plea hearing, after he was sworn, he was cautioned

that any false answers to questions posed by the court could be used against him in a subsequent prosecution for perjury. [CR ECF No. 46, Ex. A at 2]. At that time, Movant acknowledged he had an opportunity to fully discuss the charges and case in general with counsel, and was fully satisfied with counsel's advice. [*Id.* at 4]. He acknowledged the he understood the constitutional and civil rights he waiving as a result of entry of a guilty plea to felony offenses. [*Id.* at 2-7]. He acknowledged that he understood the possible sentence he faced [*Id.* at 8], and that he had reviewed the factual proffer with counsel prior to signing it and agreed with its contents. [*Id.* at 11-12].

His claim here is clearly refuted by his sworn statements at the change of plea proceeding and warrants no habeas relief. On this record, Movant has not shown deficiency or prejudice under *Strickland*.

## B. Failure to Object to PSI Enhancements

In **claim 2,** Movant claims counsel failed to file objections to the relevant conduct assessed in the PSI. [CV ECF No. 1 at 5]. Movant claims he did not understand how the guidelines applied, and counsel failed to lodge any objections to the PSI, which resulted in a sentence more severe than necessary. [*Id.* at 5-6].

Movant's claim is bare and conclusory. He does not identify what relevant conduct should have been objected to at sentencing. Further, he has not shown that even if counsel had objected to any of the enhancements to Movant's base offense

level set forth in the PSI, that the objections would have been sustained resulting in a lesser sentence.

On this record, Movant has not demonstrated that he would have received a lesser sentence had counsel lodged objections to the PSI computations, much less that the court erred in its determination. Consequently, he has not shown deficient representation or prejudice under *Strickland* and is entitled to no relief on this claim.

## C. Failure to Consult Re Filing of Direct Appeal

In **claim 3,** Movant, relying on *Roe v. Flores-Ortega*[3], claims counsel was ineffective for failing to consult with him about prosecuting a direct appeal. [CV ECF No. 1 at 9]. Movant concedes that he "did not discuss any possibility of an appeal" with counsel on the day of sentencing. [*Id.*]. Movant claims counsel should have known he had a "nonfrivolous ground for an appeal" in that Movant had "available testimony" that would "at least partially exonerate" him. [*Id.*]. Having executed his § 2255 motion under penalty of perjury, he claims here that his plea

---

[3]*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

agreement contained no "appeal-waiver provision." [*Id.*]. This statement is refuted by the record and warrants no relief. *See* [CR ECF No. 31 at 5-6 at ¶¶ 12-14].

1. Applicable Law

It is well settled that an attorney's failure to consult with a defendant regarding the defendant's appellate rights requires the application of two-prong *Strickland* test. *See Roe*, 528 U.S. at 477. If successful, the remedy is an out-of-time appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

As is the case here, when a defendant has not instructed his counsel, one way or the other to file an appeal, whether counsel rendered ineffective assistance "is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. at 478. "Consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* It requires more than just asserting the view that an appeal will not succeed. *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007).

Counsel must consult with the defendant about an appeal if "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.

To determine whether counsel had a duty to consult with a defendant about an appeal, a court must consider all of the information that counsel had known or should have known. *Id.* A "highly relevant" factor is "whether the conviction follows a trial or guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Even if the defendant pleaded guilty, "the court must consider such factors as whether the defendant received the sentence he bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.*

A defendant may reasonably demonstrate to counsel that he is interested in appealing by expressing unhappiness with his sentence compared to those of his codefendants, *Thompson*, 504 F.3d at 1207, or by asking his counsel, after sentencing, "What's next? What can we do now? and then appearing 'crushed' upon hearing that nothing could be done," *Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011).

2. <u>Analysis</u>

- 16 -

Here, Movant concedes he did not raise the issue of an appeal at or immediately following imposition of sentence. [CV ECF No. 1 at 8]. He maintains that counsel should have somehow been aware that Movant had "knowledge there was available testimony to. . . at least partially exonerate" him. [*Id.*]. He does not, however, identify the nature or substance of his purported testimony. Further, given the change of plea proceeding and stipulated factual proffer, Movant's allegations here are highly suspect. His claim that he did not waive his direct appeal rights is clearly belied by the record. His conclusory allegations regarding counsel's failure to consult does not warrant habeas relief.

Counsel does not have a duty to consult about an appeal where, as here, such expressions are absent and a defendant receives a sentence within the advisory guideline range, and certainly well below the statutory lifetime term of imprisonment Movant faced if convicted at trial. Also, Movant agreed to cooperate with the government in further investigation of the offense, and has done so, as conceded by the government. The government has filed a motion for a reduction in Movant's sentence, under Rule 35, Fed. R. Crim. P., based on cooperation, which is currently pending before the district court. [CR ECF 43]. On this record, Movant is not entitled to an out-of-time appeal. *See Devine v. United States*, 520 F.3d 1286, 1288-89 (11th Cir. 2008).

Movant has failed to demonstrate that a reasonable defendant would have wanted to pursue a direct appeal. He received the benefit of the bargain by pleading guilty. His exposure, if convicted at trial, was significantly greater. Even assuming counsel rendered ineffective assistance in failing to determine his client's wishes, so that prejudice is presumed insofar as Movant need not identify any arguably meritorious ground for an appeal, the Movant must nevertheless demonstrate that he intended or otherwise expressed an interest in appealing. *Gomez-Diaz v. United States,* 433 F.3d at 793. His conclusory allegation here that he would have considered pursuit of an appeal does not warrant relief and is rejected as disingenuous, in light of his other misrepresentations. *See Flores-Ortega,* 528 U.S. at 484. No relief is warranted on this claim.

### D. Failure to Ensure Cooperation Motion Filed

In **claim 4,** Movant claims counsel failed to "complete" cooperation with the government. [CV ECF No. 1 at 9]. To the extent Movant suggests counsel erred in failing to ensure that the government filed a motion for downward variance based on cooperation, the claim is clearly refuted by the record and warrants no relief.

At sentencing, the government made clear that Movant had been cooperating early on and a downward departure may be filed in the future. [ECF No. 46, Ex. B]. Also, the government has, in fact, filed a Rule 35 motion for downward departure

based on cooperation, which is pending before the district court in the underlying criminal case. [CR ECF No. 43].

### VI. Cautionary Instruction Re *Clisby*[4] Rule

The Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d at 936-36; *Rhode v. United States,* 583 F.3d 1289, 1291 (11th Cir. 2009)(holding that *Clisby* applies to § 2255 proceedings). However, nothing in *Clisby* requires consideration of claims or arguments raised for the first time in objections. Therefore, if Movant attempts to raise arguments or further factual support for his claims in objections, the court should exercise its broad discretion and refuse to consider the arguments not raised before the magistrate judge in the first instance. *See Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(*citing Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006)(finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the magistrate judge)).

### VII. Evidentiary Hearing

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding, having failed to demonstrate that his allegations, if proved, would

---

[4]*Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

establish his right to collateral relief. *See Schriro v. Landrigan,* 550 U.S. 465, 473-75 (2007).

## VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 to vacate has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if Movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected Movant's constitutional claims on the merits, Movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484.

However, when the district court has rejected a claim on procedural grounds, Movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the district judge in objections.

## IX. Conclusions and Recommendations

Based on the foregoing, it is recommended that:

1.     the motion to vacate be DENIED on the merits;

2.     judgment be entered in favor of Respondent;

3.     no certificate of appealability issue; and,

4.     the case CLOSED.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Williams,* 557 F.3d at 1291.

Signed this 7th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Jameson Jean, *Pro Se*
       Reg. No. 19830-104
       F.C.I. - Coleman Medium

- 21 -

Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521

United States Attorney
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: usafls-2255@usdoj.gov